**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 15-104-DLB**

**RUTHIE JEAN COMBS** **PLAINTIFF**

**vs.** **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security** **DEFENDANT**

***************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, hereby reverses and remands the decision of the Commissioner.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 4, 2013, Plaintiff Ruthie Jean Combs filed her application for Supplemental Security Income ("SSI"), alleging disability as of August 23, 2013. (Tr. 17). Plaintiff's claim was denied initially and on reconsideration. (Tr. 37 and 56). On September 22, 2014, Administrative Law Judge Bonnie Kittinger conducted an administrative hearing at Plaintiff's request. (Tr. 608-33). ALJ Kittinger ruled that Plaintiff was not entitled to benefits on October 14, 2014. (Tr. 17-26). This decision became the final decision of the Commissioner when the Appeals Council denied review on May 22, 2015. (Tr. 8-11).

On June 17, 2015, Plaintiff filed the instant action. (Doc. # 2). This matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review. (Docs. # 10 and 11).

## II. DISCUSSION

### *A. Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe;" Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

Cir. 1994).

***B. The ALJ's Determination***

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. (Tr. 19). At Step 2, the ALJ determined that Plaintiff has the following severe impairments: (1) arthritis/degenerative joint disease; (2) anxiety; (3) depression; and (4) vision problems. (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22-23). Specifically, the ALJ found that Plaintiff's anxiety and depression do not meet or equal Listing 12.04 (affective disorders) or Listing 12.06 (anxiety-related disorders) because she manages many activities associated with daily living and has not experienced any episodes of decompensation of extended duration. (*Id.*).

At Step 4, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> The claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently and she is able to stand/walk up to six hours and sit at least six hours in an 8-hour workday. She is able to climb ramps and stairs, stoop, kneel, crouch and crawl occasionally; but she should not climb ladders, ropes or scaffolds. She is moderately limited with regard to far visual acuity. She should avoid concentrated exposure to hot and cold temperature extremes, wetness, humidity and vibration; and she should avoid hazards, such as dangerous machinery and unprotected heights. She is able to understand and remember simple instructions; and she is able to understand, remember and complete simple one-and-two-step instructions and able to sustain focus for simple and repetitive tasks for two-hours segments through an 8-hour workday for a full workweek. She is able to accept supervision adequately

> in a stable work environment, with minimal interactions with the public; and she is able to adjust to situations and changes in a stable work environment with reasonable support.

(Tr. 23). The ALJ further noted that Plaintiff has no past relevant work. (Tr. 25).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 25-26). The ALJ based this conclusion on testimony from a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC could find light work as a laundry worker, housekeeper and sorter, citing to a significant number of jobs in Kentucky and the national economy. (*Id.*). Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work and thus concluded that she was not under a "disability," as defined by the Social Security Act. (*Id.*).

***C. Plaintiff's Arguments***

Plaintiff advances two arguments on appeal. (Doc. # 10-1). First, Plaintiff argues that the ALJ failed to consider the effects of her obesity. Second, Plaintiff generally complains that the ALJ's decision is not supported by substantial evidence. Each of these arguments will be addressed in turn.

**1. The ALJ's Consideration of Plaintiff's Obesity**

Social Security Ruling 02-1p "provide[s] guidance on SSA policy concerning the evaluation of obesity in disability claims." *See* 2000 WL 628049, at *1 (Sept. 12, 2002). While it "'does not mandate a particular mode of analysis,'" it does instruct the ALJ "to

consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006)).

Plaintiff asserts that the ALJ failed to consider the effects of her obesity at Steps 2, 3 and 4 of the analysis. (Doc. # 10-1 at 10). Specifically, she claims that the ALJ failed to determine: (1) whether her obesity constitutes a severe impairment; (2) whether her obesity in combination with other impairments meets or equals a listing in the Listing of Impairments; and (3) the impact of her obesity on the RFC assessment. (*Id.*). Thus, the Court must consider the extent to which the ALJ considered Plaintiff's obesity at each of these steps.

***a. Step 2–The Severity of the Impairment***

The second step in the disability evaluation process requires the ALJ to consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii); Soc. Sec. Rul. 96-3p, 1996 WL 374181 at *1 (July 2, 1996). An impairment is considered severe if it "significantly limits an individual's physical or mental ability to perform basic work activities," which are defined as "those abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Basic work activities include the following: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for hearing, seeing and speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id.*

Because the Sixth Circuit has interpreted "the step two severity regulation as a '*de minimis* hurdle' in the disability determination process," meant to screen out totally frivolous claims, the severity of the impairment is "liberally construed in favor of the claimant" at this step in the analysis. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985); *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 428 (6th Cir. 2007). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Higgs*, 880 F.2d at 862 (citing *Farris*, 773 F.2d at 90).

If the ALJ finds that at least one of the claimant's alleged impairments is severe in nature, the claim survives the step two screening process. 20 C.F.R. § 404.1520(a)(4). Because the Regulations instruct the ALJ to consider both severe and non-severe impairments in the remaining steps of the disability determination analysis, any impairment erroneously labeled as "non-severe" will not be ignored altogether. 20 C.F.R. § 404.1545(a)(2). For this reason, the Sixth Circuit has consistently held that an ALJ does not commit reversible error when he or she decides that some of claimant's impairments are not severe, but finds that other impairments are severe and proceeds with his or her analysis. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error.").

At Step 2, the ALJ briefly noted that Plaintiff "is 5'1" tall and weighs 200 pounds," but did not decide whether her obesity was a severe impairment. (Tr. 19). Plaintiff insists that her obesity should have been classified as such. However, there is relatively little medical evidence in the record about Plaintiff's obesity. Her medical records occasionally refer to her weight and stature, characterizing her as "obese," "overweight," and "well-nourished," but they do not suggest that she is unable to perform basic work activities. (Tr. 179, 183, 231-32, 375 and 497). To the contrary, Plaintiff's medical records reflect that she is able to ambulate effectively and has a good range of motion. (Tr. 187 and 274). Thus, there is insufficient evidence to establish that Plaintiff's obesity is a severe impairment.

Alternatively, even if the ALJ did err in failing to identify Plaintiff's obesity as a severe impairment, such error is harmless. The ALJ found that Plaintiff has several other severe impairments, including arthritis/degenerative joint disease, anxiety, depression and vision problems. (Tr. 19). Having determined that Plaintiff suffers from severe impairments, the ALJ had to consider both severe and non-severe impairments, including obesity, in completing the disability determination analysis. Accordingly, the Court finds no error in the ALJ's Step 2 analysis.

***b. Step 3–The Listing of Impairments***

The third step in the disability evaluation process requires the ALJ to consider the medical severity of the claimant's impairment. *See* 20 C.F.R. 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Specifically, the ALJ must determine whether the claimant's impairment meets or equals one of the listings in the Listing of Impairments, which "describe[ ] for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education

or work experience." 20 C.F.R. Part 404, Subpart P, Appendix 1; *see also* 20 C.F.R. § 404.1525(a). If the claimant can satisfy all of the objective medical criteria, as well as the duration requirement, then he or she "will be deemed conclusively disabled[ ] and entitled to benefits." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).[1]

The ALJ "need not discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). However, if the record "'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). The ALJ must "actually evaluate the evidence, compare it to the applicable Listings, and give an explained conclusion, in order to facilitate meaningful review." *Reynolds*, 424 F. App'x at 416.

If the ALJ "offers nothing to support his conclusions at step three, a reviewing court cannot tell whether the ALJ's decision is based on substantial evidence," and thus, it cannot provide meaningful judicial review. *James v. Colvin*, Civ. A. No. 3:11-CV-640-S. 2013 WL 4096977, at *8 (W.D. Ky. Aug. 13, 2013). Failure to conduct a reasoned analysis at Step 3 may constitute reversible error. *See Reynolds*, 424 F. App'x at 416 (vacating and remanding the case "for a discussion of the evidence and an explanation of reasoning supporting the determination that [the claimant's] severe impairments do not meet or medically equal a listed impairment") (internal quotations omitted); *James*, 2013 WL 4096977, at *8 ("Because he failed to explain which Listing Impairment he considered,

---

1) The ALJ may also find that the claimant is *per se* disabled if he or she demonstrates that the impairment is "at least equal in severity and duration to the criteria of any listed impairment" and meets the duration requirement. 20 C.F.R. § 404.1525(c)(3).

evidence he relied upon and which he rejected, the ALJ's error was not harmless.").

Obesity has been deleted from the Listing of Impairments. Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *1. However, ALJs should still consider "the combined effects of obesity with other impairments, [which] can be greater than the effects of each of the impairments considered separately." *Id.* To that end, the Agency "added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems." *Id.* For example, Listing 1.00Q states that:

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects fo obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

At Step 3, the ALJ considered only whether Plaintiff meets Listing 12.04 (affective disorders) or Listing 12.06 (anxiety-related disorders). (Tr. 22-23). She compared these Listings to the evidence in the record, making sure to note that Plaintiff manages many activities of daily living and has had no extended episodes of decompensation while on medication. (*Id.*). She then concluded that Plaintiff does not meet either of these Listings. (*Id.*). This aspect of the ALJ's Step 3 analysis not only satisfies the procedural requirements set forth above, it is also supported by substantial evidence.

That being said, the Court submits that the ALJ should have discussed Listing 1.00 (musculoskeletal system), its applicable subparts and any additional or cumulative effects

of Plaintiff's obesity. The ALJ classified Plaintiff's arthritis as a severe impairment at Step 2. (Tr. 19). Having parsed through the volume of medical records addressing Plaintiff's arthritis, the Court finds that there is a substantial question as to whether Plaintiff qualifies as disabled under one of these listings. However, the ALJ does not identify any musculoskeletal listings for consideration, nor does she review the evidence and explain why Plaintiff does not meet any of these listings. Because the ALJ did not conduct such an analysis, she also missed the opportunity to consider any additional and cumulative effects of Plaintiff's obesity on her arthritis. The Step 3 analysis contains only one brief mention of Plaintiff's musculoskeletal exam results from 2014, which "revealed normal range of motion, muscle strength, and stability in all extremities with no pain." (Tr. 23). This is not sufficient to provide meaningful judicial review.

While it is tempting to look at the record and predict how the ALJ would have analyzed these listings based on the evidence in the administrative record, the Court cannot do so without overstepping the bounds of its review. It is the Court's task to consider whether the ALJ's decision is supported by substantial evidence, not to fill in any blanks left by the ALJ. *See Cutlip*, 25 F.3d at 286. Moreover, "correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence [the claimant] put forth could meet this listing." *Reynolds*, 424 F. App'x at 415. For these reasons, the Court must reverse and remand the case.[2]

---

2) The Court recognizes that Plaintiff did not bring this precise issue to the Court's attention. She argued only that the ALJ failed to consider her obesity at Step 3, not that she failed to address her arthritis at Step 3. However, given the interplay between arthritis and obesity, and the importance of Step 3 in the disability determination process, the Court felt it necessary to address this issue in full.

### *c. Step 4–The Residual Functional Capacity Assessment*

In *Reynolds*, the court observed that "[a]rguments relating to the ALJ's Step Four analysis need not be reached because the ALJ must revisit his Step Three analysis." 424 F. App'x at 417. "[S]hould the ALJ ultimately conclude that [the claimant's] impairments still do not meet or equal a Listed Impairment at Step Three, he should then assess her residual functional capacity, considering all impairments–including ones that are not severe–and appropriately explain the weight given to each physician's opinion." *Id.* The same reasoning applies to this case. Accordingly, the Court will delve no deeper into the ALJ's Step 4 analysis.

### 2. Plaintiff's "Catch-All" Argument

"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Plaintiff also proclaims that the ALJ's finding of "not disabled" is not supported by substantial evidence. (Doc. # 10-1 at 10-11). However, she does not give any content to this thesis. She does not identify any evidence that the ALJ improperly weighed, nor does she explain why the ALJ's reasoning was faulty. Because Plaintiff has not sufficiently developed any other arguments, the Court deems them waived.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **GRANTED**;

(2) Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3) This action is hereby **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) with instructions to adequately address whether Plaintiff's arthritis and obesity meet one of the listings in the Listing of Impairments at Step 3, consistent with this Memorandum Opinion and Order. The ALJ shall then review her Step 4 and Step 5 analysis, if impacted by her revised Step 3 analysis; and

(4) A Judgment will be entered contemporaneously herewith.

This 1st day of April, 2016.




**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\London\15-104 Combs MOO.wpd